JS - 6

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTIAN VALDES

      Plaintiff,                No. CIV S-07-1535 DOC

      vs.

A. SCHWARZENEGGER, et al.,

      Defendants.

_____/          <u>ORDER</u>

      Plaintiff, Christian Valdes, is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and his request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 was granted on October 8, 2008.

      Under 28 U.S.C. § 1915A, this Court must "review, before docketing . . . or . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court [must] identify cognizable claims or dismiss . . . any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).  This Court must therefore determine whether the Complaint states a cognizable claim for relief with respect to each named defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizon*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive a dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. (1976). "A

person 'subjects' another to the deprivation of a constitutional right, within the meaning of 1983, if he does an affirmatives act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Finally, vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Under the above legal standard, Plaintiff's original complaint was dismissed without prejudice on October 8, 2008. In that complaint, Plaintiff only identified Governor Arnold Schwarzenegger and the California Department of Corrections and Rehabilitation ("CDRC") as defendants. And despite attaching numerous exhibits to his complaint, Plaintiff merely alleged the following: "Correctional Officers have confiscated my property and never returned it. They claimed I never had any personal property, while I have receipts claiming otherwise." Compl. at 11. The court dismissed the complaint by stating that the allegations were so vague and conclusory that the court could not determine whether the action was frivolous or failed to state a claim for relief. The court found that the complaint, as a result, did not comply with Fed. R. Civ. P. 8(a)(2) requiring a short and plain statement of the claim for relief.

In granting leave to file an amended complaint, the court advised Plaintiff that he would need to specifically identify by name which correctional officers improperly confiscated his personal property. In addition, Plaintiff was further informed that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194 (1984). Thus, as the previous court noted "where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes." *See* Docket No. 9; October 8, 2008 Order at 5; *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985). As a result, the court directed Plaintiff to allege whether the deprivation of his property was authorized or unauthorized. The court finally informed Plaintiff that the California Legislature has provided a remedy for tort claims against public officials pursuant to Cal. Gov't Code §§ 900 *et seq*. Thus, Plaintiff was advised that if he "has not attempted to seek redress in the state system, he will not be able to sue in federal court on the claim that the state deprived him of property without due process of the law." October 8, 2008 Order at 5.

As a result of the dismissal, Plaintiff filed an amended complaint on November 7, 2008. In doing so, Plaintiff now identifies the two officers he claims deprived him of property: (1) Investigative Services Unit Officer Miranda and (2) Investigative Services Unit Officer D. Dittman. In attempting to clarify and provide a stronger factual basis for his allegations, Plaintiff now avers the following:

> On September 15, 2005 Officer Miranda of ISU and D. Dittman has willfully deprived me of my property and Due Process to receive the property without using state authority. The officers has taken my property and stated I stood in silence when he asked me to claim the property that was on the floor and under the bottom bunk. The ISU staff stated I inmate Valdez did not make any claim. Plaintiff allege that ISU was authorized to confiscate the property just to search, but Plaintiff also alleges that the failure to return the property and commit perjury that Plaintiff did not claim property violates Plaintiff right to Due Process of property under the XIV Amendment § 1 Right; in which was then unauthorized.

4

Plaintiff asserts that grievance and administrative remedies are exhausted per 42 USC § 1997e(a) and (b).  see exhibit "A' for 602 grievance and exhibit "B" for State Board of Control grievance.

Amended Compl. at 8.  Further, he seeks relief in the sum of one-thousand dollars.  *Id*.  Based on the exhibits attached to his amended complaint providing additional facts, it appears that on September 15, 2005, correctional officers collected Plaintiff's personal property as well as his cellmate's property and sent it to the Investigative Services Unit.  On September 21, 2005, Plaintiff and his cellmate were called to the B Facility program office to collect their belongings. Plaintiff subsequently learned that he was missing twelve CDs, four pairs of socks, three personal t-shirts, one thermal top and bottom, one pari of sweat pants, and packaged items.

Plaintiff thus alleges deprivation of personal property without due process of law.[1]  He was informed by the prior court's dismissal that he needed to allege whether the particular deprivation was authorized or unauthorized and that an unauthorized deprivation will not constitute a due process violation where meaningful postdeprivation remedies are available.  In his amended complaint, Plaintiff indicates that the failure to return his property by the officers was "without...state authority" and "unauthorized," though he concedes that the ISU's ability to search his personal property is otherwise authorized.  Further, Plaintiff nowhere identifies a particular state procedure that he claims led to the deprivation of his property.  Thus, this Court can only construe Plaintiff's complaint as alleging an unauthorized and seemingly intentional deprivation of his property by the named defendants.  As a result, with no allegation of authorized conduct, the Court is not faced with a situation, pursuant to *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S. Ct. 1148 (1982), in which postdeprivation remedies cannot

---

[1]"Nothing in [the Fourteenth Amendment] protects against all deprivations of life, liberty, or property by the State.  The Fourteenth Amendment protects only against deprivations '*without due process of law.*'" *Parratt v. Taylor*, 451 U.S. 527, 537, 101 S. Ct. 1908 (1981),  *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S. Ct. 662 (1986) (*quoting Baker v. McCollan*, 443 U.S. 137, 145, 99 S. Ct. 2689 (1979) (emphasis added).

satisfy the procedural due process requirements under the Fourteenth Amendment.

Instead, this case presents facts similar to those addressed in *Parratt v. Taylor*, 451 U.S. 527, 101 S. Ct. 1908 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S. Ct. 662 (1986) (overruling *Parratt* only "to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment")[2] as well as *Hudson v. Palmer*, 468 U.S. 517, 104 S. Ct. 3194 (1984) (holding unauthorized intentional deprivation of inmate's property by prison officials did not constitute violation of Fourteenth Amendment Due Process Clause because meaningful postdeprivation remedies for the loss were available under state law). In *Parratt*, a state prison inmate brought suit under Section 1983 against prison officials to recover the value of a mail order hobby materials. *Parratt*, 451 U.S. at 529. The inmate plaintiff averred "that his property was negligently lost by prison officials in violation of his rights under the Fourteenth Amendment to the United States Constitution" when the normal procedure for receipt of mail packages was not followed by the prison officials. *Id.* Because the deprivation was not a result of state procedure but instead was alleged to be the result of unauthorized departure from state procedure, the Court held that the due process clause only required the inmate plaintiff to be provided with some type of postdeprivation remedy. *Id.* at 543. Further, the Court noted that Nebraska, through a state statutory scheme, provides individuals such as plaintiff with a "remedy to persons who believe they have suffered a tortious loss at the hands of the State." *Id.* at 543-44. The Court further opined that the state remedies were in no way inadequate under the due process clause merely because they did not provide the inmate with the full extent of relief he might have obtained under Section 1983 litigation. *Id.* at 544,

---

[2]The Court notes that the Government Claims Form attached as Exhibit A to Plaintiff's amended complaint at the General Allegations section charges the defendants with "negligence" in depriving Plaintiff of his property. While the amended complaint makes no reference to intent, the Court notes that pursuant to *Daniels*, negligence in deprivation of property cannot establish a due process violation. Thus, the fact that Plaintiff appears to primarily allege negligence on the part of the defendants also provides a basis to dismiss the amended complaint.

In *Hudson*, a prison inmate alleged that during a shakedown search of his cell, the prison guard allegedly intentionally destroyed certain of the inmate's noncontraband personal property. *Id*. at 520. In finding no due process violation because of available postdeprivation remedies, the Court highlighted the distinction between authorized and unauthorized conduct: "The underlying rationale...is that when deprivations of property are effected through random and unauthorized conduct of a state employee, predeprivation procedures are simply 'impracticable' since the state cannot know when such deprivations will occur." *Id*. at 533. The Supreme Court further affirmed the district court's finding that several common law remedies provided the inmate with sufficient postdeprivation process. *Id*. at 534-35.

Thus, as in *Parratt* and *Hudson*, Plaintiff has failed to allege a violation of the Fourteenth Amendment because he avers an unauthorized, random loss of his property and he has also been provided with adequate postdeprivation remedies pursuant to the California Tort Claims Act and the inmate appeals process through the California Department of Corrections and Rehabilitation ("CDCR"). Indeed, as in *Hudson*, Plaintiff no where alleges that the deprivation of his property occurred pursuant to a state procedure, *Hudson,* 468 U.S. at 534, or that a meaningful postdeprivation remedy was not available to him. Instead, he appears to have fully taken advantage of a number of meaningful postdeprivation remedies, as demonstrated by the attachments to his amended complaint exhibiting his utilization of the California Government Claims Board as well as the thorough inmate appeals process through the CDCR. Further, on this record, the Court cannot imagine that at any stage in this litigation it could find that either postdeprivation remedy was constitutionally inadequate. Without alleging either that the conduct

//

//

//

//

1  //

2  was authorized pursuant to a state procedure or that the postdeprivation remedies he utilized

3  were somehow inadequate, Plaintiff has failed to state a claim for relief.

4        In accordance with the above, IT IS HEREBY ORDERED that:

5        1.  Plaintiff's amended complaint is DISMISSED WITH PREJUDICE.

6  DATED:  May 19, 2009

7

8  _David O. Carter_____
   DAVID O. CARTER
9  United States District Judge
   Sitting by Designation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26